■ ROBERT J. ETTINGER, Appellant, v KENT KARLSSON et al., Respondents. — In an action, *inter alia,* to recover damages for libel, plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated January 4, 1984, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Order affirmed, with costs.

Defendants are attorneys who were retained to represent tenants of an apartment building in conjunction with a proposed cooperative conversion sponsored by an entity of which plaintiff is a principal. Defendants submitted a letter to the State Attorney-General's Bureau of Real Estate Financing setting forth the basis upon which defendants believed the conversion plan should be rejected. One proffered basis was: "By the sponsor's own affidavit, two of the purchasers relied upon to obtain that 15% are his attorneys. They have purchased apartments 10A and 9A. It is our belief that not only should these purchasers not be counted toward the 15% because of the business relationship between the sponsor and the attorneys, but because it appears unlikely that these 'outside' purchasers actually intend to reside in the units". Copies of this letter were also mailed to the members of the tenants' association.

The subject communication is a statement of pure opinion, based upon disclosed facts, and, therefore, is not actionable (*see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969). The statement merely offers defendants' beliefs that the purchasers' status is questionable in view of their business relationship with the sponsor and that they were "outside" purchasers. Under these circumstances, an action sounding in defamation will not lie (*see, Rinaldi v Holt, Rinehart & Winston, supra; Rand v New York Times Co.,* 75 AD2d 417).

We have reviewed plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.